IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BARRY HOYT        PLAINTIFF

v.        Civil No. 06-5169

BENTON COUNTY PUBLIC DEFENDER'S
OFFICE; JAY SAXTON, Public Defender; and
RICHARD MILLER, Public Defender        DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Barry Hoyt, filed this civil rights action on September 15, 2006. He proceeds pro se and in forma pauperis. The complaint is before the undersigned for a determination of whether it should be served on the defendants.

## BACKGROUND

Hoyt contends his constitutional rights were violated when Richard Miller and Jay Saxton of the Benton County Public Defender's Office tried to coerce him into signing a plea agreement while he was under the influence of mind altering medication. Further, he alleges that the Public Defender's Office is discriminating against minorities by exercising this coercion more so in cases involving minority defendants than in cases involving white defendants. Hoyt also asserts that the Public Defender's Office caused him to miss two court dates, failed to raise allegations concerning violations of his rights, failed to file the proper motion to suppress, failed to pursue avenues to reduce his bond, revealed prejudicial information to the prosecution, and failed to reveal evidence that would aide in the defense of his case.

Hoyt alleges he is currently being held in the Benton County Jail on a bond of twelve thousand dollars. Hoyt seeks to have Jay Saxton and Richard Miller terminated and requests

damages in the amount of five hundred thousand dollars for pain and suffering and defamation of character.

## DISCUSSION

Hoyt's claims against Richard Miller and Jay Saxton are subject to dismissal. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled on other grounds). Generally, a public employee acts under color of state law while acting in his [or her] official capacity or while exercising his [or her] responsibilities pursuant to state law. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 2255-56, 101 L. Ed. 2d 40 (1988) (citations omitted). However, in *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L. Ed. 2d 509 (1981), the United States Supreme Court held that a public defender does not act under color of state law for purpose of 42 U.S.C. § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Therefore, because Miller and Saxton are both public defenders and plaintiff's complaint is based on their performance of duties as such, Hoyt's complaint must be dismissed.[1]

## CONCLUSION

I therefore recommend Hoyt's case be dismissed on the grounds the claims are not cognizable under § 1983. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

---

[1] It should be noted, however, that plaintiff may be able to seek relief under state tort law or federal habeas corpus proceedings.

AO72A
(Rev. 8/82)

**Hoyt has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Hoyt is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of October 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)